## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MATTHEW JACKSON,

     Plaintiff,

     v.                                    Case No. 21-1210-JWB-ADM

SPIRIT AEROSYSTEMS, INC.,

     Defendant.

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff Matthew Jackson's ("Jackson") Renewed Motion for Leave to File First Amended Complaint. (ECF 13.) By way of this motion, Jackson seeks leave to amend his complaint to address the issues raised in defendant Spirit AeroSystems, Inc.'s ("Spirit") motion to dismiss. For the reasons discussed below, Jackson's motion is denied.

## I.  BACKGROUND

On May 9, 2021, Jackson filed this employment discrimination and retaliation lawsuit in Sedgwick County District Court. (ECF 1-1.) Spirit subsequently removed the case to federal court (ECF 1) and filed a motion to dismiss Jackson's petition (ECF 6). Spirit's motion to dismiss argues that the court should dismiss Jackson's lawsuit because (1) Jackson did not serve Spirit with the petition and summons via any method authorized by KAN. STAT. ANN. § 60-304(c), which governs service on corporations; and (2) even if Jackson's service attempt was sufficient, Spirit received the petition and summons after the 90-day time limit for service expired. (ECF 7.) Spirit further contends that the court should not extend the time for Jackson to effect service of process because Jackson was not diligent in filing this action or in trying to effect service, and Spirit points out that the statute of limitations would bar some claims in a re-filed action.

The deadline for Jackson to file an amended complaint as of right or a response to Spirit's motion to dismiss was October 12.  On October 15, Jackson filed a combined motion for leave to file either (1) a response to the motion to dismiss out of time (ECF 10) or (2) a first amended complaint to address the issues raised in the motion to dismiss (ECF 11).  The court denied the motion to amend without prejudice for failure to comply with this court's local rules—namely, because Jackson's motion did not explain the nature of the proposed amendment, nor did it attach the proposed amended pleading.  (ECF 12 (discussing D. KAN. RULE 15.1).)  The court stated that Jackson could file a renewed motion in compliance with Local Rule 15.1 by November 1 and set a briefing schedule.  Jackson has now filed a renewed motion to amend.  (ECF 13.)  Spirit opposes the motion.  (ECF 15.)

## II.    ANALYSIS

Where a party can no longer amend its pleading as a matter of course under Federal Rule of Civil Procedure 15(a)(1), amendment is allowed "only with the opposing party's written consent or the court's leave."  FED. R. CIV. P. 15(a)(2).  Here, Jackson contends that his proposed amended complaint addresses the issues raised in Spirit's motion to dismiss regarding insufficient and untimely service of process.  (ECF 13 ¶ 11.)  Specifically, paragraphs 24 and 25 would add the allegations that "Plaintiff timely served Defendant with this action" and that he "has fully complied with any and all prerequisites to jurisdiction."  (ECF 13-3 ¶¶ 24-25.)  But service of process is not a pleading requirement.  *See* FED. R. CIV. P. 4; *see also Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998) ("Effectuation of service is a precondition to suit . . . .").  Furthermore, the sufficiency of service of process is not resolved by looking at conclusory allegations in the pleadings.  Rather, when a defendant moves to dismiss based on insufficient service of process, "the burden shifts to the plaintiff to make a prima facie showing that he served process properly."

*Kelly v. City of Atchison*, No. 21-2123-JAR-TJJ, 2021 WL 2550171, at *1 (D. Kan. June 22, 2021) (quotation omitted).   In making this determination, the court considers the "affidavits and documentary evidence submitted by the parties."  *Id.* (same).  So Jackson's proposed pleading would do nothing to rectify the alleged deficiencies in service of process.  Even if the court allowed Jackson to file the proposed amended pleading, Spirit would still inevitably deny that it was sufficiently served—essentially, for the same reasons already stated in Spirit's motion to dismiss. And the burden would still shift to Jackson to make a prima facie showing, via affidavits and other documentary evidence, that he timely and properly served process on Spirit.

Jackson's motion also states that he "strongly believes" Spirit's motion to dismiss lacks merit (ECF 13 ¶ 16), and he argues that Spirit was properly served (*id.* at 6-7).  But Jackson can make this argument in response to Spirit's motion to dismiss, where the issue of whether Spirit was properly served is before the court.  Indeed, Jackson includes an identical argument section in the opposition to Spirit's motion that he seeks leave to file out of time.  (*See* ECF 10-2, at 2-3.) The court cannot resolve the question of whether Spirit was sufficiently and timely served on a motion to amend, nor can Jackson cure any service defects via an amended complaint.  The court therefore denies Jackson's motion to the extent that he seeks to add the service-of-process allegations in paragraphs 24 and 25 of the proposed amended complaint.

Jackson's proposed amended complaint also includes other new factual allegations relating to Jackson's substantive claims.  (*See* ECF 13-3 ¶¶ 26-31, 34-39, 55-62.)  This aspect of Jackson's motion is denied for failure to comply with Local Rule 15.1.  As the court's prior order explained, Local Rule 15.1 requires a motion to amend to "set forth a concise statement of the amendment . . . sought."  Jackson's renewed motion to amend does not explain the nature of the new substantive allegations and it does not explain why amending to add more factual detail at this stage of the

case is necessary.  Instead, Jackson suggests that his proposed amended complaint now "provides sufficient detail and reduces . . . [or] eliminate[s] the probability that [Spirit] will file a . . . motion for failure to state a claim" under Federal Rule of Civil Procedure 12(b)(6).  (ECF 13.)  But Spirit has not lodged any challenge to the sufficiency of the factual allegations in the pleadings.  So, to the extent that Jackson seeks leave to amend to bolster his substantive claims, amendment does not appear necessary.  *See Neal v. Aramark Unif. & Career Apparel, LLC*, No. 20-2077-JWB-ADM, 2020 WL 5548809, at *2 (D. Kan. Sept. 16, 2020) (denying amendment as unnecessary where the original complaint met the pleading standard and plaintiff sought to add only factual material, not claims or parties).

## III.  CONCLUSION

Jackson cannot cure any service defects via an amended complaint, and he does not explain why adding more factual detail in support of his substantive claims is necessary at this juncture. The court therefore denies Jackson's motion to amend.

**IT IS THEREFORE ORDERED** that plaintiff Matthew Jackson's Renewed Motion for Leave to File First Amended Complaint (ECF 13) is denied.

**IT IS SO ORDERED.**

Dated November 4, 2021, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge