UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW JACKSON,

        Plaintiff,

v.                                  Case No. 21-1210-JWB

SPIRIT AEROSYSTEMS, INC.,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss (Doc. 6) and Plaintiff's motion for leave to file a response to the motion to dismiss out of time.  (Doc. 10.)  The motions have been adequately briefed and the time for filing additional briefs has expired.  (Docs. 7, 10, 14.)  For the reasons stated herein, Plaintiff's motion for leave to file out of time is GRANTED and Defendant's motion to dismiss is DENIED WITHOUT PREJUDICE.  Additionally, Plaintiff is granted 30 additional days in which to properly serve Defendant.

**I.  Facts**

Plaintiff filed this action on May 9, 2021, in the District Court of Sedgwick County, Kansas.  The petition alleged that Defendant, Plaintiff's former employer, violated Plaintiff's rights under Title VII of the 1964 Civil Rights Act (42 U.S.C. § 2000 et seq.), 42 U.S.C. § 1981, the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.), the Family Medical Leave Act (29 U.S.C. §2601 et seq.), and Kansas common law.  (Doc. 1-1.)  A summons was issued by the state district court on July 8, 2021.  (Doc. 1-2.)  The caption of Plaintiff's petition identified Defendant's registered agent and indicated service should be made upon that agent, although for

reasons not disclosed that was not done.  (*See* Doc. 1-1 at 1.)  Defendant cites the affidavit of a Spirit employee stating that on August 10, 2021 – 93 days after the petition was filed – Defendant's legal department in Wichita received a copy of the petition and a summons via regular U.S. Mail. (Doc. 7-1 at 1.)  On August 31, 2021, Defendant filed a notice of removal alleging federal question jurisdiction, as well as supplemental jurisdiction over state law claims, making removal proper under 28 U.S.C. § 1441(a) & (c). (Doc. 1.)

Defendant now moves to dismiss under Rule 12(b)(5) for insufficient and untimely service of process.  Defendant contends Plaintiff failed to serve the petition and summons within 90 days as required by Kansas law and Fed. R. Civ. P. 4(m), that he fails to show good cause for a mandatory extension of time under Rule 4(m), and that the circumstances do not warrant a discretionary extension of time to serve process under Rule 4(m).  (Doc. 7.)

Plaintiff's response cites alleged confusion on the part of Plaintiff's counsel arising from, among other things, information provided by a Sedgwick County docketing clerk suggesting Defendant was served in July 2021, a mix-up caused by having another removal case with a plaintiff having the surname of Jackson, errors by a part-time employee of counsel's firm, and the effect of a Kansas Supreme Court Administrative Order suspending deadlines and statutes of limitation due to the COVID-19 pandemic.  (Docs. 10, 10-2, 10-3.)

## II.  Standards

The unusual posture of the case poses a procedural thicket, with both state and federal laws having some application.  Up until the time of removal, Kansas law governed the time and manner for service of process.  Kansas law generally provides that an action is commenced upon the filing of the petition if service of process is obtained within 90 days thereafter, with a 30-day extension available for good cause shown.  K.S.A. § 60-203(a).  Also, if service purports to have been made

2

but is later adjudicated to have been invalid due to an irregularity in form or procedure or a defect in making service, the action is considered to have been commenced upon the filing of the petition if valid service is obtained within 90 days after that adjudication.  K.S.A. § 60-203(b).  Kansas law further provides that "[s]ubstantial compliance with any method of serving process effects valid service of process if the court finds that, notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court that might affect the party…."  K.S.A. § 60-204.  The methods for serving a corporation under Kansas law are outlined in K.S.A. 60-303 and 60-304, and include serving an officer or manager, leaving a copy at a business office with the person in charge, or serving an agent authorized to receive process. K.S.A. 60-304(e).

After removal of a case from state court, federal rather than state law governs the course of the later proceedings.  *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010) (citing *Granny Goose Foods, Inc. v. Teamsters Local 70*, 415 U.S. 423, 437 (1974)).  The court still looks to the law of Kansas, however, to determine whether service of process was perfected prior to removal.  *Id.* (citation omitted).

Complicating the matter further is a specific federal statute governing process after removal:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court. * * *

28 U.S.C. § 1448.  As construed by the Tenth Circuit and other jurisdictions, this provision may grant a plaintiff a new 90-day period *from the date of the removal* to perfect or obtain service.  *See Wallace,* 596 F.3d at 707 (defendant's removal gave plaintiff an additional 120 days [the period for service then allowed by Fed. R. Civ. P. 4(m)] in which to perfect service.)

3

Rule 4(m), which governs the time limit for service of process in federal court, provides in part:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for an appropriate period.

Fed. R. Civ. P. 4(m).

In the Tenth Circuit, there is a two-level inquiry when a plaintiff failed to serve process within the time limit of Rule 4(m).  The preliminary inquiry is whether the plaintiff has shown good cause for the failure to timely effect service.  If good cause is shown, the plaintiff is entitled to a mandatory extension of time.  If the plaintiff fails to show good cause, "the district court must still consider whether a permissive extension of time may be warranted.  At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service." *Murphy v. City of Tulsa*, 556 F. App'x 664, 667 (10th Cir. 2014) (quoting *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995)).

The Tenth Circuit has stated that "good cause" under Rule 4(m) is a "high bar" that does not encompass attorney misinterpretation of Rule 4 or an attorney's failure to monitor a hired process server. *See Murphy,* 556 F. App'x at 668.  With respect to the court's discretion to extend the time for service even in the absence of good cause, the court should consider various factors, including that "[r]elief may be justified … if the applicable statute of limitations would bar the refiled action." *Espinoza,* 52 F.3d at 842 (citing Fed. R. Civ. P. 4(m) advisory committee's note (1993)).

With respect to Defendant's assertion that the manner of service in this case was insufficient, case law provides that "[a] federal court lacks personal jurisdiction over a defendant if service of process is insufficient under Rule 4." *Schwab v. State of Kansas,* No. 16-CV-4033-

4

DDC, 2016 WL 4039613, *3 (D. Kan. July, 28, 2016) (citations omitted.)  A Rule 12(b)(5) motion to dismiss based on insufficient service of process "challenges the mode or lack of delivery of a summons and complaint." *Id.* (citation omitted.)  When a defendant moves to dismiss under Rule 12(b)(5) based on insufficient service of process, the burden shifts to the plaintiff to make a prima facie showing of proper service.  The court may consider affidavits and other documentary evidence submitted by the parties and must resolve any factual doubt in Plaintiff's favor.  *Id.*

### III.  Analysis

Defendant's affidavit stating that it first received a copy of the petition and summons via regular mail on August 10, 2021, three days past the 90-day period described in K.S.A. 60-203 is essentially uncontroverted.  Plaintiff cites no return of service or other evidence indicating Defendant received the petition within the 90-day period.  Rather, Plaintiff points to the envelope in which the complaint was mailed to Defendant, which allegedly shows a mailing date of August 2, 2021 (Defendant disputes that assertion) and argues a presumption arises that the package was delivered in 3-5 days, or by August 7, 2021.  (Doc. 10-2 at 3) (citing *Witt v. Roadway Express,* 136 F.3d 1424, 1429-30 (10th Cir. 1998)).  The *Witt* case cited by Plaintiff does not establish a presumption of receipt in 3-5 days; it merely recognizes that "[a] rebuttable presumption of receipt [arises] on evidence that a properly addressed piece of mail is placed in the care of the postal service." *Witt,* 136 F.3d at 1429-30.  At any rate, Plaintiff cannot claim the benefit of such a presumption because it presupposes "a properly addressed piece of mail," and the envelope sent by Plaintiff was incorrectly addressed to Defendant on "Olive St" instead of its actual corporate office on "Oliver" street.  (Doc. 7-1; Doc. 1-1 at 1.)

A declaration by Plaintiff's counsel indicates that after receiving Defendant's motion to dismiss, someone in his office "spoke to a lady named Hiba [in the Sedgwick County Sheriff's

Office] who stated that she believed that Spirit was served in this matter on or about July 13, 2021 but that she was not able to locate a return of service…." (Doc. 10-3.) No evidence of such a return of service has been produced. The declaration further asserts that a law student part-time employee of Plaintiff's counsel "was the one who was responsible for requesting service on this matter…." (*Id.* at 2.) Based on the materials submitted, the court concludes service was not made within the 90-day period provided for by K.S.A. 60-203. The court further finds Plaintiff has not demonstrated good cause for the failure to effect timely service. Plaintiff's counsel – not a student employee – was responsible for ensuring that service of process was accomplished. With respect to Plaintiff's asserted reliance on administrative orders of the Kansas Supreme Court suspending statutes of limitation and other deadlines, Defendant accurately points out those deadlines were reactivated for civil cases on April 15, 2021, before the filing of this suit, and thus could not have impacted service of process. Kansas Supreme Court Administrative Order, 2021-PR-020 (Mar. 20, 2021), available at   https://www.kscourts.org/Rules-Orders/Orders/Admin-Orders/2021-PR-020.

As for the method of attempted service – regular mail addressed generally to Spirit Aerosystems – Plaintiff has not shown this method complied with Kansas requirements for service of process on a corporation. Plaintiff cites no evidence that service was made upon an officer or manager, or by leaving process with a person in charge of Defendant's business office, or by serving an authorized agent. See K.S.A. 60-304(e). The court thus concludes the service attempted by Plaintiff was not perfected under state law.

The impact of 28 U.S.C. § 1448 in these circumstances is not entirely clear. In *Wallace*, the Tenth Circuit found the provision granted a plaintiff an additional period [now 90 days] for service beginning from the date of removal, but in dicta the court indicated the new period would

not have been granted had the removal occurred after expiration of the period for service allowed by state law. *Wallace*, 596 F.3d at 706-07 n.2 (noting that if defendant had waited until after the 90-day period for service under state law to remove the case, "the outcome would have been different.") At the same time, *Wallace* cited a district court case that applied a new period for service under § 1448 even though removal took place after expiration of the state period for service. *See Baumeister v. New Mexico Com'n for the Blind,* 409 F. Supp.2d 1351 (D. N.M. 2006). *Baumeister* recognized a disagreement in case law concerning "whether removed cases should be subject to dismissal for incomplete or defective service of process that would be fatal to a plaintiff's case in state court, but could be cured with the application of § 1448 and Fed. R. Civ. P. 4(m)." *Id.* at 1353. *Baumeister* nevertheless found the language of § 1448 – which says in all removed cases in which service "has not been perfected" or in which process served "proves to be defective," such "process or service may be completed or new process issued in the same manner as in cases originally filed in [federal] district court" – squarely covered the case before it and granted the court "discretion to give the plaintiff leave to perfect service or to dismiss the case and force plaintiff to refile." *Id.* The court acknowledged this might burden a defendant who may have state justification for dismissal, but concluded the burden was proper "because it is that defendant who makes the decision to remove the case to federal court and restarts the clock." *Id.* at 1354 (quoting *Randolph v. Hendry,* 50 F. Supp.2d 572, 580 (S.D. W. Va. 1999)).

The court notes that even if § 1448 granted Plaintiff an additional 90 days from the August 31, 2021 removal (as held by *Baumeister*), that period has now expired without proper service. And of course, if § 1448 did not grant an additional 90-day period (as suggested by *Wallace*), then Plaintiff is even farther beyond the initial period allowed for service. The reasoning of *Baumeister* is arguably persuasive, but the court ultimately need not determine whether § 1448 gave Plaintiff

7

a new 90-day period for service.  In either event, the court concludes that it retains discretion to extend the time for service.  Once a defendant removes a case, federal law governs the process going forward, and § 1448 and Fed. R. Civ. P. 4(m) permit the court to extend the time for service of process as an alternative to dismissal.  Rule 4(m) expressly contemplates discretion to extend the time *after* the initial 90-period for service allowed by the federal rule has expired.  *See id.* ("If a defendant is not served within 90 days" the court must dismiss "or order that service be made within a specified time.")  That same discretion applies when an action was removed from state court and a defendant seeks dismissal for failure to make timely service.  This conclusion follows from the language of § 1448 that in all removed cases where service on a defendant has not been perfected, "process or service may be completed or new process [may be issued] in the same manner as in cases originally filed" in federal court, which necessarily incorporates the time limits in Rule 4(m).  28 U.S.C. § 1448; Fed. R. Civ. P. 4(m).

In this instance, the court concludes the period for service of process should be extended 30 days from the date of this order to permit Plaintiff to properly serve Defendant.  Defendant acknowledges that a dismissal at this point would result in some of Plaintiff's claims being barred by the statute of limitations.  (Doc. 7 at 7.)  This factor weighs in favor of an extension of time. The discretionary extension of time permitted by Rule 4(m) reflects a preference in the law for deciding cases on the merits when possible rather than on technical shortcomings.  *See Donahue v. Probasco & Assocs., P.A.*, No. 18-2344-EFM, 2020 WL 6384200, at *10 (D. Kan. Oct. 30, 2020) (court would have granted Rule 4(m) if necessary to further the preference for a decision based on the merits).  This is bolstered by the fact Defendant acknowledges having received actual notice of the suit within a few days of the initial 90-day limit and identifies no prejudice to its ability to defend the suit on the merits from such an extension.  As for Plaintiff's diligence in

attempting to make timely and proper service, Defendant points out that Plaintiff waited until the latter part of the 90-day period to attempt service and even then used a deficient method, as service on a corporation generally requires more than simply mailing the complaint.  *See* KSA 60-304(d) & (f).  On the other hand, the record clearly shows that Plaintiff made some efforts at service prior to expiration of the 90-day period and Defendant identifies no prejudice to its ability to defend from the delay in service.[1]  There has been some additional delay since the case was removed, but that is due largely to the filing of motions and briefs.  Defendant removed the action about twenty days after receiving the complaint and then obtained an extension of time before filing its motion to dismiss.  (Docs. 1, 4, 6.)  The parties spent the next month or so briefing motions.  Considering all of the circumstances, the court concludes that under Fed. R. Civ. P. 4(m), Plaintiff should be granted a 30-day extension from the date of this order in which to properly serve Defendant.

## IV.  Conclusion

Defendant's motion to dismiss (Doc. 6) is DENIED without prejudice to refiling should Plaintiff fail to perfect service within the time allowed.  Plaintiff's motion for leave to file response out of time (Doc. 10) is GRANTED; the court has considered Plaintiff's attached response for purposes of this order.  Finally, Plaintiff is granted 30 days from the date of this order to properly serve Defendant.  IT IS SO ORDERED this 5th day of January, 2022.

_____ s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE

---

[1] The period for service under Rule 4(m) was reduced in 2015 from 120 days to 90 days.  The Advisory Committee noted that although this reduction would serve the objective of reducing delay at the beginning of litigation, it also "will increase the frequency of occasions to extend the time."  Fed. R. Civ. P. 4(m) advisory committee note (2015 amendment).